# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-51092
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS GUADALUPE GONZALEZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-183-1

————

United States Court of Appeals
Fif h Circuit

**FILED**
January 5, 2017

Lyle W. Cayce
Clerk

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Jesus Guadalupe Gonzalez appeals the 12-month sentence imposed following the revocation of a prior term of supervised release. The sentence was imposed to run consecutively to the term of imprisonment for his 2014 illegal reentry conviction. Gonzalez argues that his 12-month revocation sentence is procedurally unreasonable because of the manner in which the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51092

considered and weighed the 18 U.S.C. § 3553(a) factors and is substantively unreasonable because it is greater than necessary to meet § 3553(a)'s goals.

By failing to provide relevant record cites or an analysis of the § 3553(a) factors as applied to him, he has effectively waived appellate review of his argument. *See* FED. R. APP. P. 28(a)(8); *United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). In any event, because Gonzalez did not object to the procedural or substantive reasonableness of the sentence in the district court, we review for plain error. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360–61 (5th Cir. 2009). Gonzalez fails to show plain error. The district court considered the guidelines policy statement and explained the reasons for the sentence imposed; sentenced him below the statutory maximum sentence and below the guidelines policy statement range of imprisonment; and, in so doing, imposed a presumptively reasonable sentence. *See United States v. Whitelaw*, 580 F.3d 256, 261 (5th Cir. 2009); *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008); U.S.S.G. §§ 7B1.3(f) & cmt. n.4; 7B1.4(a). Gonzalez has failed to rebut that presumption.

AFFIRMED.